STOULIG, Judge,
concurring.
I concur in the majority opinion for the reasons therein stated.
In my opinion this case is a classic illustration of one of the glaring deficiencies in our civil jury trial procedures — the failure to require that specific interrogatories be propounded to the jury to elicit from them the specific awards for general and for special damages. In the instant case, the jury verdict of $300,000 is an aggregate award without any specific allocation for the general damages of pain and suffering and the special damages of the loss of the future income based upon a $13,000 annual salary with a work life expectancy of 26.3 years.
Neither this court nor counsel for the litigants can, with any degree of reasonable certainty, apportion the award for general and for special damages as determined by the jury since this information is not available. The defendant-appellant, who maintains that the award is excessive, must now tilt against the windmills of speculation in trying to have this court reduce the same.
The deficiency in the system represented by this lack of information is indeed a most serious one in reviewing the assessment of damages since the norm or standard in determining both general damages and special damages are radically different. Great discretion vests in the jury or trial judge in awarding general damages for pain and suffering, etc.; however, special damages are based upon actual expenses or losses and the projection of these continuing expenses as losses in the future. Thus one damage falls within the discretion of the trier, whereas the other is based upon actual facts and circumstances.
And in connection with the loss of future wages or for future medical expenses, the award of damages projected over the period of disability or life expectancy should be discounted or adjusted by a reasonable rate of return which could be realized by its conservative investment based upon prevailing market conditions at the time of its award. This adjustment is necessary because the pre-payment of the párticular anticipated special damage is made immediately upon the finality of judgment, whereas in fact the right to such wages would *1373 normally accrue or be payable in successive years in the future over a like period of time.
To do otherwise in those instances where the work life expectancy is of _ sufficient duration (as in this case 26.3 years), if no adjustment is made the claimant by conservative investment of the mass amount awarded could earn sufficient interest or income in excess of her annual salary and at the conclusion of her life work expectancy would still have the principal of the mass amount awarded still intact. The tort law of this State and the jurisprudence interpreting the same never contemplated such a result.